IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | CRIMINAL NO. 4:15-CR-64-ALM-CAN-1 |
| SERRJIO ENRIQUEZ (1) | § § § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is the Government's request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on February 15, 2023, to determine whether Defendant violated his supervised release. Defendant was represented by Michelle Allen-McCoy. The Government was represented by Chris Eason.

On June 17, 2015, United States District Judge Amos L. Mazzant, III, sentenced Defendant to a term of fifty-nine (59) months, nineteen (19) days imprisonment followed by three (3) years of supervised release. *See* Dkts. 16, 20. On August 29, 2018, Defendant completed his term of imprisonment and began serving the term of supervision. *See* Dkt. 41. On February 18, 2020, the term of supervised release was revoked, and Defendant was sentenced to twelve (12) months imprisonment followed by a term of twelve (12) months supervised release. *See* Dkts. 38, 39, 40, 41. On January 14, 2021, Defendant completed his term of imprisonment and began serving the term of supervision. *See* Dkt. 41.

On July 22, 2021, the U.S. Probation Officer filed the Petition for Warrant or Summons for Offender under Supervision (the "Petition") (Dkt. 41). The Petition asserts Defendant violated the following conditions of supervision: (1) Defendant must not commit another federal, state or

local crime; (2) Defendant must not knowingly leave the federal judicial district where Defendant is authorized to reside without first getting permission from the court or the probation officer; (3) Defendant must refrain from any unlawful use of a controlled substance; (4) After initially reporting to the probation office, Defendant will receive instructions from the court or the probation officer about how and when Defendant must report to the probation officer, and Defendant must report to the probation officer as instructed; (5) Defendant must allow the probation officer to visit Defendant at any time at Defendant's home or elsewhere, and Defendant must permit the probation officer to take any items prohibited by the conditions of Defendant's supervision that he or she observes in plain view; (6) Defendant must work full time (at least 30 hours per week) at a lawful type of employment unless the probation officer excuses you from doing so. If Defendant does not have full-time employment, Defendant must try to find full-time employment unless the probation officer excuses Defendant from doing so; (7) If Defendant is arrested or questioned by a law enforcement officer, Defendant must notify the probation officer within seventy-two (72) hours; and (8) Defendant must participate in a program of testing and treatment for substance abuse and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise Defendant's participation in the program. Defendant must pay any costs associated with treatment and testing. *See id.*

The Petition asserts Defendant violated the foregoing conditions as follows:

- On June 21, 2021, Defendant was arrested in Woodbury County, Iowa, for felony Eluding, misdemeanor reckless driving, and aggravated misdemeanor operation of a vehicle without the owner's consent.

- On June 21, 2021, Defendant was arrested in Woodbury County, Iowa, having traveled outside the Eastern District of Texas without permission from the court or probation officer.

- On March 25, 2021, Defendant tested positive for methamphetamine. Defendant denied drug use; however, the urine specimen was confirmed positive for methamphetamine by Alere Toxicology.

- Defendant failed to submit monthly supervision reports for the months of February, March, April, and May 2021, after being provided with postage-paid envelopes.

- Defendant failed to make himself available for preplanned home visits on March 15, 18, and 25; and May 18, 2021.

- On January 20, 2021, Defendant was informed that he is required to work at least 30 hours a week as a condition of his supervision. Defendant claimed to have job leads but since the inception of his supervision period, he has never obtained employment.

- On March 23, 2021, Officer Charles Carpin, Badge #316, with the Sherman, Texas, Police Department, conducted a traffic stop on Defendant for having a defective headlight. Defendant did not report this contact to the probation officer. On June 15, 2021, Officer Rogers, with the Sherman, Texas, Police Department, was at a house where he believed a wanted felon (parole violation) was located. The officer thought Defendant was the wanted person. Defendant took off running from the officer, who eventually made contact with him but did not arrest him. Defendant did not report his law enforcement contact to the probation officer.

- On January 19, 2021, Defendant was instructed to call a notification line every night and report for drug testing as instructed as part of the U.S. Probation Office's random drug testing program. On April 27; May 10 and 19, 2021, Defendant failed to show for a drug test. Defendant failed to call the notification line for the random drug testing program on the following dates: March 3 through March 17, 23, and 27; April 5, 11, 12, 15, 19, 20; and April 25 through June 17, 2021. On May 17, 2021, Defendant was instructed during a phone call to report to U.S. Probation's Sherman Office on May 18th to submit a urine specimen for testing. Defendant failed to report as instructed to submit the urine specimen.

On February 15, 2023, the Court conducted a final revocation hearing on the Petition. *See* Dkt. 51. Defendant entered a plea of true to allegations one through eight, consented to revocation of his supervised release, and waived his right to object to the proposed findings and recommendations of the undersigned. *See* Dkts. 51, 59. The Court finds that Defendant violated the terms of his supervised release, and thus, his supervised release should be revoked.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, and having considered the arguments presented at the February 15, 2023 hearing, the Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of twelve (12) months, with no term of supervised release to follow. The Court further recommends Defendant be placed at FCI Forrest City in Forrest City, Arkansas, if appropriate.

**So ORDERED and SIGNED this 17th day of February, 2023.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE